IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSTALDO M. BUSH, | ) |
| | ) |
| Plaintiff | ) |
| | ) 2:14-cv-00511 |
| v. | ) |
| | ) Judge Mark R. Hornak |
| INTEGRATED PRODUCTION SERVICES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

This is a Title VII case. The Plaintiff contends that he was not hired by the Defendant as a truck driver and that his race was a substantial motivating factor in that decision. ECF No. 1. As required by Title VII, he first raised that claim in a Charge of Discrimination filed with the EEOC. In the normal course, ECF No. 14-3, the EEOC issued a Right to Sue Letter ("Letter"), something that a plaintiff has to have in order to file a Title VII lawsuit in federal court. ECF No. 1 at ¶ 31. That Letter was issued on January 8, 2014, and consistent with Title VII, it stated that any federal court lawsuit had to be filed within 90 days of the Plaintiff's receipt of such letter. In this case, a copy of that Letter was also sent to the Plaintiff's lawyer. ECF No. 9-1.

This case was filed on April 18, 2014, 100 days after the date of the Letter. No one disputes that calculation. Further, it appears to be the law in this Circuit that when the Complaint does not plead a specific date of receipt, then it is presumed that the Letter was received three (3) days after the date the EEOC issues it. *See Seitzinger v. Reading Hosp. and Med. Ctr.*, 165 F. 3d 236, 239 (3d Cir. 1999). In this case, the Complaint does not plead any specific date of receipt, and even when confronted with the Defendant's argument in this regard, the Plaintiff does not

assert any specific date of receipt in his brief in response to the Defendant's Motion to Dismiss. Thus, this Court is to presume that the Letter was received on January 13, 2104 (because the third day, January 11, 2014 was a Saturday), which means that this case was filed 95 days after the Letter was received, or on the face of things, five (5) days too late.

The Defendant moves to dismiss this case on the grounds that it is time-barred as being filed too late. Our Court of Appeals says that this Court is to treat the filing period under Title VII as a statute of limitations, *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 176 (3d Cir. 1999), one that is to be strictly construed and enforced, absent the application of an equitable tolling of the limitations period. *See Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).

Equitable tolling is applicable in a narrow set of circumstances, such as inadequate notice of the right to file a lawsuit, where there is pending a motion for the appointment of a lawyer for the plaintiff, or where the court, a government agency or the defendant has induced a plaintiff to sleep on his rights via some sort of misleading conduct or communication related to the period for the filing of a Title VII lawsuit. *Seitzinger*, 165 F.3d at 240.

In his Brief in opposition to the Motion to Dismiss, the Plaintiff does not touch any of those bases. Instead he argues that the Defendant was dilatory in complying with EEOC information requests during the investigation of the Charge of Discrimination at that administrative level (which was before the Letter issued), and that the EEOC was deficient in complying with the Plaintiff's Freedom of Information Act request of January 28, 2014 to that agency. ECF No. 14 at 1-2.

It is conceded that the lawyer representing the Plaintiff in this case represented him in the administrative proceedings at the EEOC, and the Plaintiff does not argue, let alone offer facts,

2

that the EEOC, the Defendant or this Court did anything that could even be remotely construed as misleading him or his lawyer about his obligation to file this lawsuit within the 90 day period set by statute and as stated in the Letter. That the EEOC was or was not too slow to address a FOIA request is not relevant to the timeliness issue here, and what information was or was not provided in the investigation that preceded the Letter's issuance is beside the point. Plaintiff's counsel concedes that on January 16, 2014, 92 days before this lawsuit was filed, he saw the envelope containing the Letter, ECF No. 14 at 1, n. 1.

Based on the undisputed, and seemingly undisputable, facts contained the record, and as conceded by the Plaintiff via his lawyer, this lawsuit was filed after the statutory 90 day filing period had expired. There are no facts pled or even argued that would support the application of the equitable tolling doctrine, and therefore, the Motion to Dismiss filed by the Defendant is well-taken, and will be GRANTED.

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated: July 25, 2014

cc: All counsel of record

3